Sayward *v.* Emery.

### SAYWARD *v.* EMERY.

The summary mode of relief provided by *Stat.* 1817. *ch.* 185. *sec.* 5. does not extend to cases where the error complained of appears of record, as in a judgment rendered upon demurrer; but applies only to cases where an ap-peal lay before the making of the statute, and where, the error not appear-ing of record, the remedy was by exceptions under the statute of *Westmin-ster* 2. [13 *Ed.* 1. *cap.* 31.]

*Scire facias* against bail, originally brought before a Justice of the peace, and thence carried by appeal to the Circuit Court of Common Pleas; where, the pleadings before the Justice being waived, and oyer granted of the bail-bond, the defendant pleaded in bar of the action. This plea the Court, on general demurrer, adjudged bad, and rendered judgment for the plaintiff; to which opinion the defendant filed exceptions and brought the action here by appeal, in the summary manner pro-vided by *Stat.* 1817. *ch.* 185.

*Wallingford, for the defendant,* being about to argue upon the matter of the plea, was stopped by the Court, who, after some consultation, were of opinion that the exceptions were irregularly filed and that the case was not within the provisions of the statute.

WESTON J. The statute was made for the purpose of restrict-ing appeals from the Common Pleas in certain cases therein specified; and the provisions of the fifth section are to be ap-plied to those cases in which appeals lay before the statute was enacted, and in which the opinion of the Court does not ap-pear of record. The present action, therefore, cannot be sus-tained here, it being not regularly brought before us.

PREBLE J. The sixth section of the statute expressly saves the right of any party to bring a writ of error, for any error appearing of record; and this right exists twenty years. Now the error here complained of, if such it be, appears in the record and not in the exceptions; and should we sustain the present application to this Court, either party, I apprehend, may still bring the case before us by writ of error. Nothing we can now do would be decisive of the cause. The summary mode prescribed by the statute seems to be intended to relieve parties from the cumbrous and expensive method of proceeding by exceptions under the statute of *Westminster;* and in my opinion should be limited to cases where exceptions may be filed by our common law. The present not being one of those cases, is improperly brought into this Court, and I am of opinion it ought to be dismissed.

MELLEN C. J. I am of the same opinion, and for the reasons already given. It is worthy of notice that the statute, in allowing this summary proceeding, refers to questions within the cognizance of one Judge of the Supreme Judicial Court, at the time when the act was made. But it is well known that questions of law upon demurrer were never cognizable by one Judge, and could not have been within the intent of the legislature. The Court are also authorized to render judgment, or to grant a new trial at the bar, as law and justice may require. But the case before us is not susceptible of this latter mode of relief. If the defendant is aggrieved, his remedy is by writ of error.

*Appeal dismissed.*

*J. Holmes, for the plaintiff.*